UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARLYN NATHAN BROWN                          CIVIL ACTION

VERSUS                                       NO. 07-586

REPUBLIC FIRE AND CASUALTY                   SECTION "R"(5)
INSURANCE COMPANY

**ORDER AND REASONS**

Before the Court is plaintiff's motion to remand this matter to state court. For the following reasons, the Court DENIES plaintiff's motion.

I.   BACKGROUND

Plaintiff suffered damage to her property during Hurricane Katrina and, as a result, has sued her homeowner's insurance carrier. Plaintiff filed her action in Louisiana state court, and defendant Republic Fire then removed it to this Court. Plaintiff now seeks to remand this matter. Defendant opposes this motion, asserting that federal jurisdiction is proper pursuant to 28 U.S.C. § 1332. The parties disagree as to whether the amount in controversy is satisfied under the requirements of

Section 1332.  *See* 28 U.S.C. § 1332 (establishing a jurisdictional minimum of $75,000).  When the Court finds that it has jurisdiction over a case on this basis, the Court need not address defendant's alternative theories for why federal jurisdiction is appropriate.

## II.  LEGAL ANALYSIS

### A.  Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal.  28 U.S.C. §

1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

**B.   Jurisdictional Amount**

Plaintiff sued Republic Fire for breach of contract, as well as violations of La. Rev. Stat. §§ 22:658 and 22:1220, after it allegedly failed to pay the amount to which plaintiff was entitled under her homeowner's policy.  Plaintiff's state court petition does not allege a specific amount of damages.  However, plaintiff avers in her petition that Republic Fire is liable for the policy limits under Louisiana's Valued Policy Law, La. Rev. Stat. § 22:695, as a result of plaintiffs' total losses.  (R. Doc. 1-2, at ¶ XII).  Republic Fire has submitted unrebutted evidence that indicates the actual face value of plaintiff's policy is as follows: $139,700 for dwelling, $13,970 for other structures, $111,760 for personal property, and $55,880 for loss of use.  (R. Doc. 1-2, at Ex. C).  Further, Republic fire submits a letter from plaintiff's attorney dated December 12, 2006, which was after plaintiff filed this lawsuit, that demands $114,780.40 for property damage, plus $119,682.85 in penalties, costs, and attorney's fees.  (*Id.* at Ex. D).  Because Louisiana law allows recovery for penalties and attorney's fees when an insurer has been arbitrary or capricious in denying a claim, the Court can consider claims for these items when it assesses the amount in

controversy. *See, e.g., Valobra v. State Farm Fire & Cas. Co.*, 2006 WL 2710461, at *3 (E.D. La. Sept. 20, 2006). Thus, it is facially apparent that the amount in controversy here exceeds $75,000. Moreover, plaintiff in her motion to remand fails to rebut, through stipulation or otherwise, the evidence set forth by Republic Fire in its notice of removal. Accordingly, the Court finds that it has jurisdiction of this matter. Plaintiff's motion to remand is denied.

Finally, in light of the Court's conclusion, plaintiff is not entitled to an award of attorney's fees and costs under 28 U.S.C. § 1447(c) for Republic Fire's removal of this case.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to remand.

New Orleans, Louisiana, this 24th day of April, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE